The Full Commission does not reach the merits of plaintiff's appeal as defendants have shown good ground to dismiss plaintiff's appeal due to untimely filing of plaintiff's Form 44 and brief to the Full Commission. On 1 October 1998, plaintiff filed a Notice of Appeal to the Full Commission from the Opinion and Award filed by Deputy Commissioner Glenn on 7 October 1998. Thereafter, by letter dated 27 October 1998, plaintiff's appeal to the Full Commission was acknowledged by Docket Director Phillip R. Hopkins. This letter not only acknowledged plaintiff's appeal but informed plaintiff that pursuant to Rule 701 of the Workers' Compensation Rules that plaintiff's Form 44 must be filed within twenty-five (25) days of receipt of the hearing transcript.
The transcript of the hearing before the Deputy Commissioner was filed by the court reporter with the Industrial Commission on 2 December 1998 and defendants received a copy on 3 December 1998. Plaintiff did not request an extension of time to file either the Form 44 or the brief. Based on plaintiff's failure to timely file a Form 44 and brief, defendants filed a Motion to Dismiss Plaintiff's Appeal to the Full Commission on 17 February 1999. Plaintiff's former counsel of record did not file a Form 44 or brief at this time but instead, several months later on 13 April 1999, filed a Motion to Withdraw Plaintiff's Appeal and a Motion to Withdraw as Counsel of Record for Plaintiff. These motions were granted by Order of the Full Commission filed on 26 April 1999. Thereafter, plaintiff's current counsel filed a Motion to Set Aside Withdrawal of Appeal which was granted by Order of former Chairman J. Howard Bunn, Jr. filed 25 June 1999. Plaintiff finally filed a Form 44 and brief with the Commission on 26 July 1999 approximately six (6) months after the due date.
On 7 July 1999, defendants renewed their Motion to Dismiss. This motion was held in abeyance by Order of the Full Commission filed on 4 August 1999. The undersigned now reach defendants' Motion to Dismiss and finding that good grounds exist to dismiss plaintiff's appeal do not reach the merits of this case.
Plaintiff failed to timely file a Form 44 or brief. In fact, plaintiff's Form 44 and brief were not received by the Commission until approximately six (6) months after the due date. Therefore, pursuant to Rule 701 plaintiff's appeal to the Full Commission is hereby, and the same shall be, Dismissed with prejudice. Each side shall bear its own costs.
This the ___ day of November, 1999.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
DCS/nwg